IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ITEESHA BANKS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No.: CV-2017-_____** |
| | )   **JURY TRIAL DEMANDED** |
| | ) |
| **AVI FOOD SYSTEMS, INC.;** | ) |
| **TASHA HEARD;** | ) |
| **CHANDRIKA WINSTONS,** | ) |
|     **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Iteesha Banks, by and through the undersigned counsel, and hereby files this Complaint against the above-named Defendants. In support thereof, Plaintiff alleges as follows:

### Preliminary Statement

1. This is an action for sexual harassment and gender discrimination under 42 U.S.C. §§ 2000e-2, e-3 (2012), retaliation under 42 U.S.C. § 1997(d), assault and battery under Alabama law, and intentional infliction of emotional distress under Alabama law all arising from defendants' unwarranted and abusive action towards plaintiff.

2. Plaintiff seeks damages and any other relief entitled to her to be determined at trial.

1

## Jurisdiction and Venue

3. Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. sections 1331 and 1343 and 42 U.S.C. sections 1981A, 1983, and 2000e-5, *et seq.* This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e, *et seq.* ("Title VII").

4. Venue is proper under 28 U.S.C. §1391(b)(2) (2012) because the unlawful employment practices alleged in this complaint were committed in Tuscaloosa County in the Northern District of Alabama.

## The Parties

5. Plaintiff Iteesha Banks (hereinafter "Ms. Banks" or "Plaintiff") is an individual currently residing at 2920 7th Street, Apartment B, Tuscaloosa, Alabama 35401. She was formerly employed by Defendant AVI Food Systems, Inc.

6. Defendant AVI Food Systems, Inc. (hereinafter "AVI") is an Ohio corporation headquartered in Warren, Ohio. AVI operates a food service business at 1 Mercedes Drive, Vance, Alabama 35490.

7. Defendant Tasha Heard (hereinafter "Ms. Heard" or "Heard") is an individual over the age of 19 currently residing in Alabama.

8. Defendant Chandrika Winstons (hereinafter "Ms. Winstons" or "Winstons") is an individual currently over the age of 19 residing in Alabama.

## The Facts

9. Sometime in January 2016, Ms. Banks began working at AVI as a cashier at the Vance, Alabama location. She was terminated on August 3, 2016 after complaining about sexual harassment and assault by her coworkers and supervisors including Tasha Heard and Chandrika Winston.

10. On and before April 13, 2016, Ms. Banks was slapped on the back by a coworker for not performing certain duties. Shirley was a coworker and Ms. Banks believed, and was told by her supervisor, that she did not have to follow orders from her coworker. However, Ms. Banks was reprimanded for not following a coworker's orders.

11. On May 22, 2016, Ms. Banks' birthday, she was brought into the room where supervisors were stationed. She was bent over a desk by a supervisor. Her arms were held by Ms. Winstons and Ms. Heard. Another supervisor then struck Ms. Banks very forcefully on the buttocks. Ms. Banks pleaded that she not be struck again. However, Ms. Banks was struck a second time while her arms were still held down. After the second hit, Ms. Banks fell to the ground. Ms. Banks was then told by a supervisor to get back up. Feeling intimidated and trapped, Ms. Banks obliged. She was then hit a third time. Ms. Banks left the room as quickly as she could after this severe sexual harassment by her supervisors.

12. This incident left Ms. Banks, who is a lesbian, feeling embarrassed, humiliated, and violated. Ms. Heard told Plaintiff not to report the incident. Ms. Heard stated that these "birthday licks" were normal and that she did not know Ms. Banks would be struck so hard. Ms. Banks felt that her own job might be in jeopardy or that she may be struck again if she reported the incident as all of the individuals responsible were her immediate supervisors.

13. As talk of the incident spread, Ms. Banks was made even more humiliated and embarrassed by the jokes of her coworkers regarding the incident.

14. On June 28, 2016 Ms. Banks reported her mistreatment to Human Resources. In handling Ms. Banks' complaint, the representative blamed Ms. Banks for the incident, asking why she did not leave the room after the first strike on her buttocks. After this call, Ms. Banks never heard from anyone in Human Resources, nor any of her supervisors, regarding the incident. Nothing was done at all to remedy the apparently normal situation of striking employees on the buttocks on their birthday.

15. On August 12, 2016, Ms. Banks arrived an hour late to work after temporarily losing her uniform before her shift. Ms. Banks phoned her supervisor three (3) times to alert them of the situation. Her supervisor did not answer any of the calls.

16. On August 3, 2016, Ms. Banks was terminated from her employment after working her shift that began on August 2, 2016. A supervisor informed Ms. Banks that she was being terminated because she had showed up late to work.

17. AVI terminated Ms. Banks because she had reported incidents of sexual harassment on June 28, 2016.

### COUNT I- TITLE VII HARASSMENT AND GENDER DISCRIMINATION

18. Plaintiff adopts and realleges the paragraphs above, as if set out in full herein.

### Administrative Procedures

19. Plaintiff timely filed charges of discrimination against AVI with the Equal Employment Opportunity Commission ("EEOC") (Attached as Exhibit A)

20. On or about June 14, 2017, Ms. Banks received from the EEOC a "notice of right to sue" (attached as Exhibit B) entitling her to commence her claim of sexual harassment within 90 days of her receipt of that notice.

21. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### Factual Allegations

22. AVI Food Systems, Inc. discriminated against Plaintiff because of her sex in violation of section 703(a) of Title VII by engaging in, tolerating, or failing to

5

prevent the sexual harassment alleged above. AVI's employees sexually harassed Ms. Banks by hitting her on the buttocks. This type of serious physical harm left Ms. Banks with not only feelings of severe embarrassment, but also the feeling that this was not a safe workplace. This physical mistreatment by her coworker and then supervisors was so severe and pervasive that Ms. Banks did not feel safe at work. This fear was reasonable given Ms. Heard's admonitions to not report.

23. AVI also violated section 703(a) of Title VII by failing to take affirmative action to correct and redress these unlawful employment practices. Ms. Banks' supervisors were those who had taken part in her physical mistreatment. Therefore, they at least knew that this conduct was going on and did not report it to Human Resources as required by the Team Member Handbook. Ms. Heard's statement that this type of treatment is normal further shows that AVI failed to create a safe workplace.

24. Ms. Banks also felt that her attempts to report may be patently futile as her immediate supervisors were those mistreating her. Furthermore, when Ms. Banks overcame her fear and complained to Human Resources, nothing was done. Ms. Banks did not even receive one follow up call.

25. AVI also discriminated against Plaintiff in violation of 704 of Title VII by terminating and otherwise discriminating against her because of her

6

opposition to the unsolicited and unwelcome sexual contact forced upon her. After Ms. Banks complained about the sexual harassment that she had been subject to she was fired.

26. Plaintiff believes, and thus avers, that the effect of AVI's unlawful employment practice has been to limit, classify and discriminate against her as a female employee in ways that jeopardize and tend to deprive her of employment opportunities and otherwise adversely affect her status as an employee because of her sex in violation of Title VII.

27. Plaintiff, who is a victim of such practices, was unlawfully deprived of income in the form of wages, prospective monetary benefits, and various other benefits solely because of their sex in sums to be proved at trial.

28. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights under federal law. Her supervisors and the Human Resources representative that Ms. Banks spoke to knew of the wrongful conduct that she was subject to yet chose to do nothing about it.

29. Plaintiff is entitled to recover from the Defendant reasonable attorneys' fees as provided in section 706(k) of Title VII.

Wherefore, the plaintiff demands judgment against the defendants for the following:

    A.    Damages for mental and emotional distress in an amount to be determined by a jury;

    B.    Back pay for lost income;

    C.    Front pay (in the event the Court finds that reinstatement is impracticable);

    D.    Punitive damages in an amount to be determined by a jury;

    E.    Award of reasonable attorneys' fees;

    F.    Award of Plaintiff's costs and expenses;

    G.    Award of any other relief the Court deems just and appropriate.

## COUNT II- TITLE VII RETALIATION

30. Plaintiff adopts, incorporates and realleges the allegations contained in the paragraphs above as if fully set forth herein.

### Administrative Procedures

31. Plaintiff timely filed charges of retaliation against AVI with the Equal Employment Opportunity Commission ("EEOC") (Attached as Exhibit A).

32. On or about June 14, 2017, Ms. Banks received from the EEOC a "notice of right to sue" (Attached as Exhibit B) entitling her to commence her claim of retaliation within 90 days of her receipt of that notice.

33. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## Factual Allegations

34. This claim for retaliation is brought against Defendant pursuant to Title VII.

35. After Ms. Banks notified Human Resources of the sexual harassment that befell her from her supervisors, and Defendant refused to address the complaint, Defendant retaliated against Plaintiff by firing her on August 3, 2016.

36. Defendant's proffered reason for the termination was pretextual as Defendant's employees often show up late to work without any attempt at notifying a supervisor and with no disciplinary action by Defendant. Furthermore, Defendant's Team Member Handbook states that Termination "[m]ay result if progressive discipline steps do not result in acceptable job performance or serious policy violation(s) occurred." As termination is a last step, Plaintiff should have had some warnings prior to termination. Plaintiff received no such warnings and was fired pretextually as a result of her complaint regarding the sexual harassment she was subject to, a complaint she was required to make.

37. As a proximate result of Defendant's illegal conduct, Ms. Banks has suffered a loss of income, mental and emotional distress and anguish, humiliation and embarrassment for which she seeks compensatory and punitive damages.

Wherefore, Plaintiff, Iteesha Banks demands judgment against Defendant for the following:

    A.    Damages for mental and emotional distress in an amount to be determined by a jury;

    B.    Back pay for her lost income;

    C.    Front pay (in the event the Court finds that reinstatement is impracticable);

    D.    Punitive damages in an amount to be determined by a jury;

    E.    Award of reasonable attorneys' fees;

    F.    Award Plaintiff's costs and expenses;

    G.    Award of any other relief the Court deems just and appropriate.

### COUNT III- ALABAMA COMMON LAW- ASSAULT

38. Plaintiff incorporates and realleges the paragraphs above as if fully set forth herein.

### Factual Allegations

39. Defendants Ms. Winstons and Ms. Heard willfully and intentionally put Ms. Banks in reasonable fear of imminent offensive contact by shutting her in a room with them. They then put Plaintiff in further fear by yelling "Get her."

40. Defendants Heard and Winstons put Plaintiff in reasonable fear of imminent harmful contact by reaching to grab Plaintiff's arms.

41. Before the second strike upon her buttocks, Defendants Heard and Winstons put Plaintiff in reasonable fear of imminent harmful contact by continuing to restrain her arms after she had stated her disapproval of being struck.

42. Defendants Winstons and Heard intended to cause and did cause Ms. Banks to suffer apprehension of immediate harmful contact, constituting assault. Wherefore, Plaintiff, Iteesha Banks demands judgment against Defendant for the following:

    A.  Damages for mental and emotional distress in an amount to be determined by a jury;

    B.  Punitive damages in an amount to be determined by a jury;

    C.  Award of reasonable attorneys' fees;

    D.  Award Plaintiff's costs and expenses;

    E.  Award of any other relief the Court deems just and appropriate.

## COUNT IV- ALABAMA COMMON LAW- BATTERY

43. Plaintiff incorporates and realleges the paragraphs above as if fully set forth herein.

### Factual Allegations

44. Defendants Ms. Winstons and Ms. Heard willfully and intentionally made offensive contact with Plaintiff. Ms. Winstons and Ms. Heard held Plaintiff's

11

arms down on the table in a hostile manner so that she was bent over it. Another supervisor then harmfully hit Plaintiff's buttocks.

45. When Ms. Banks asked not to be hit a second time, making her desire not to be treated in this way known, Ms. Winstons and Ms. Heard continued to hold her arms down creating further offensive and harmful contact.

46. Another supervisor, by hitting Ms. Banks on the buttocks a second and third time, after Plaintiff had made known her desire not to be treated in this way, continued to cause offensive and harmful contact and Defendants Winstons and Heard aided this offensive and harmful contact by holding Plaintiff's arms down.

47. As a direct and proximate result of the intentional and malicious actions of Defendants Heard and Winstons, Plaintiff suffered injury to her buttocks, embarrassment, and emotional distress.

Wherefore, Plaintiff, Iteesha Banks demands judgment against Defendant for the following:

    A.    Damages for mental and emotional distress in an amount to be determined by a jury;

    B.    Punitive damages in an amount to be determined by a jury;

    C.    Award of reasonable attorneys' fees;

    D.    Award Plaintiff's costs and expenses;

E.    Award of any other relief the Court deems just and appropriate.

## COUNT V- ALABAMA COMMON LAW- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff incorporates and realleges the paragraphs above as if fully set out herein.

### Factual Allegations

49. Defendants Heard and Winstons committed assault and battery by touching Ms. Banks in a harmful manner, causing her physical injury and severe emotional distress.

50. Defendants Heard and Winstons knew or should have known before Ms. Banks was first struck that their conduct would inflict severe emotional distress on Ms. Banks.

51. Defendants Heard and Winstons in fact did know that their conduct would cause Ms. Banks severe emotional distress after the first strike because she made her disapproval of this treatment known.

52. Defendants Heard and Winstons intended through their extreme and outrageous conduct to inflict severe emotional distress on Plaintiff.

Wherefore, Plaintiff, Iteesha Banks demands judgment against Defendant for the following:

    A.    Damages for mental and emotional distress in an amount to be determined by a jury;

    B.    Punitive damages in an amount to be determined by a jury;

    C.    Award of reasonable attorneys' fees;

    D.    Award Plaintiff's costs and expenses;

    E.    Award of any other relief the Court deems just and appropriate.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment as follows:

A. On Count I, awarding damages in favor of Plaintiff and against Defendants in amount to be determined at trial plus interest, costs, and attorneys' fees pursuant to paragraph 29 of this Complaint.

B. On Count II, awarding damages in favor of Plaintiff and against Defendants in amount to be determined at trial plus interest, costs, and attorneys' fees pursuant to paragraph 37 of this Complaint.

C. On Count III, awarding damages in favor of Plaintiff and against Defendants in amount to be determined at trial plus interest, costs, and attorneys' fees pursuant to paragraph 42 of this Complaint.

D. On Count IV, awarding damages in favor of Plaintiff and against Defendants in amount to be determined at trial plus interest, costs, and attorneys' fees pursuant to paragraph 47 of this Complaint.

E. On Count V, awarding damages in favor of Plaintiff and against Defendants in amount to be determined at trial plus interest, costs, and attorneys' fees pursuant to paragraph 52 of this Complaint.

**PLAINTIFF DEMANDS A TRIAL OF THE ISSUES RAISED HEREIN BY A STRUCK JURY ON ALL CLAIMS.**

**/s/ Charles A. Hardin**
 Of Counsel


Respectfully submitted,

**/s/ Charles A. Hardin**
(ASB-9519-R67C)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Fax: (205) 344-6188
E-Mail: chardin@hardinhughes.com
*Attorney for Plaintiff*